IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ROSSI, | : Civil No. 3:20-CV-00844 |
| Plaintiff, | : |
| v. | : |
| GEORGE NEUMAYR and THE AMERICAN SPECTATOR FOUNDATION, INC., | : |
| Defendants. | : Judge Jennifer P. Wilson |

**MEMORANDUM**

This is a defamation case that was removed from state court on June 16, 2020. Before the court is a motion to remand the case for lack of subject matter jurisdiction. For the reasons that follow, the motion is granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 29, 2019, an article about Plaintiff Robert Rossi, a CPA and a partner in Rossi & Co., appeared in an issue of The American Spectator ("Spectator"). (Doc. 1-2 ¶ 14.) Defendant The American Spectator Foundation, Inc. ("Foundation") is the publisher of Spectator. Defendant George Neumayr ("Neumayr") is a contributing editor to and former executive editor of Spectator. (*Id.* ¶¶ 11, 13.)

Rossi initiated this action via complaint on April 20, 2020 in the Court of Common Pleas of Lackawanna County. (*Id.*) The complaint sets forth state law

claims for defamation and false light invasion of privacy based on allegedly false and defamatory statements made in the Spectator article.  (*Id.* ¶¶ 18–29.)  Defendants removed the case to this court on May 26, 2020.  (Doc. 1.)

On June 16, 2020, Rossi filed a motion to remand this case to the Court of Common Pleas of Lackawanna County.  (*Id.* at 2.)  On July 14, 2020, Defendants filed a brief in opposition.  (Doc. 10.)  On July 28, 2020, Plaintiff filed a reply brief.  (Doc. 14.)  The motion for remand is ripe for disposition.

## DISCUSSION

A district court may only exercise subject matter jurisdiction over a case that is removed from state court if the court has original jurisdiction over the case.  *See* 28 U.S.C. § 1441.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447.

Original subject matter jurisdiction must be based on either federal question jurisdiction or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331–32.  A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A court has diversity jurisdiction under 28 U.S.C. § 1332 when the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

The question of whether a court has jurisdiction over a removed case is

analyzed based on the state of the case at the time of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939)). The removing party has the burden of proving that the matter is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted). Removal statutes are construed against removal and all doubts should be resolved in favor of remand. *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987) (citing *Abels*, 770 F.2d at 29).

    To determine whether the amount in controversy is met, a court starts by looking at the complaint. 28 U.S.C. § 1446(c)(2); *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). Next, if the complaint is silent on the precise damages demanded, the court looks to the amount in controversy claimed in the notice of removal. *See* 28 U.S.C. §1446(c)(2)(A)(ii). The amount claimed in the notice of removal "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014); *see also* 28 U.S.C. § 1446(c)(2)(B). If the amount claimed in the notice of removal is contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.

In this case, the complaint does not specify the amount in controversy, *see* Doc. 1-2, and Plaintiff contests the amount claimed in the notice of removal. (*See* Doc. 9.) Accordingly, the court must determine by a preponderance of the evidence whether the amount in controversy requirement has been satisfied.

Defendants argue that the amount in controversy exceeds $75,000 because Rossi's complaint seeks more than $50,000 in lost business plus punitive damages that "could easily exceed $25,000." (Doc. 10 at 2.) Defendants additionally note that Rossi has refused to stipulate that the amount in controversy is less than $75,000, and argue that such a refusal shows that he plans to seek more than $75,000 if the case is remanded. (*Id.*) In the alternative, Defendants argue that jurisdictional discovery should be permitted to establish the amount in controversy or, if the court remands the case, that Rossi should be estopped from seeking an award in excess of $75,000 in state court based on his refusal to stipulate as to the amount in controversy. (*Id.* at 2.)

Rossi argues that Defendants have failed to establish that the amount in controversy exceeds $75,000, *see* Doc. 9, noting that no specific amount is claimed for reputational damage or lost income because they are unliquidated damages that are to be decided by a jury. (Doc. 14 at 3–4.) Rossi also argues that his refusal to stipulate is not a sufficient basis to support a finding that the amount in controversy exceeds $75,000. (*Id.* 5–6.)

The court finds that Defendants have not met their burden to establish that the amount in controversy exceeds $75,000. To begin, the fact that Rossi's complaint seeks compensatory damages in excess of $50,000 "proves nothing about the actual amount in controversy" because such a demand is generally necessary under Pennsylvania law to avoid compulsory arbitration and therefore "amounts to little more than boilerplate." *Shygelski v. Allstate Fire & Cas. Ins. Co.*, No. 3:16-CV-00576, 2016 WL 1463774, at *2 n.2 (M.D. Pa. Apr. 14, 2016).

As for Rossi's request for punitive damages, it is true that punitive damages are included in the calculation of the amount in controversy. *See Frederico*, 507 F.3d at 199–200. But this alone is not sufficient to establish that the amount in controversy exceeds $75,000, which Defendants must establish by the preponderance of the evidence. Although Defendants note that punitive damages "could easily" exceed the amount necessary to establish the jurisdictional threshold, speculative arguments as to the punitive damages a party could recover are generally insufficient to establish subject matter jurisdiction. *See, e.g.*, *Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 174–75 (M.D. Pa. 2019). "Where the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden." *Dorley v. Save-A-Lot*, No. 16-CV-04510, 2016 WL 6213074, at *2 (E.D. Pa. Oct. 25, 2016) (quoting *Heffner v. LifeStar Response of N.J., Inc.*, No. 13-CV-00194, 2013 WL 5416164,

at *5 (E.D. Pa. Sept. 27, 2013)).  Accordingly, because the court would need to speculate as to the value of punitive damages to find subject matter jurisdiction and because all doubts should be resolved in favor of remand, the court finds that it does not have subject matter jurisdiction over this case.  Having reached that conclusion, the court will briefly discuss Defendants' arguments for jurisdictional discovery and estoppel.

First, with respect to jurisdictional discovery, additional discovery is left to the discretion of the court and is generally permitted where additional facts would help the court in reaching its jurisdictional determination.  *See, e.g., Echevarria v. Schindler Elevator Corp.*, No. 14-CV-02411, 2015 WL 356942, at *5 (E.D. Pa. Jan. 26, 2015) (denying jurisdictional discovery where it was not pertinent to the court's appraisal of the rights being litigated); *Liberty Ins. Underwriters, Inc. v. Wiss & Co., LLP*, No. 2:14-CV-00971, 2014 WL 12619153, at *3 (D.N.J. July 30, 2014) (noting that a court may grant jurisdictional discovery if additional facts are deemed necessary).

Defendants argue they are permitted to seek discovery based on *Dart Cherokee*, 574 U.S. at 88–89.  (Doc. 10 at 2.)  Defendants' reliance on *Dart Cherokee* is misplaced as that case does not require a court to grant a request for jurisdictional discovery, it merely allows a court to do so.  *See Dart Cherokee*, 574 U.S. at 89 (noting that "discovery may be taken" with regard to the jurisdictional

6

question). Jurisdictional discovery is left to the discretion of the court. *Echevarria*, 2015 WL 356942, at *5. Here, Defendants claim they should be permitted to take jurisdictional discovery on the question of Plaintiff's claimed damages, but do not mention any facts they seek to establish through discovery. (Doc. 10 at 15.) At this point, as stated, in order to make a finding that the amount in controversy exceeds $75,000 in this case, the court would be required to speculate as to the amount of punitive damages that the plaintiff could receive. Defendants point to no additional facts to be discovered that would concretely establish the amount of damages in this case and obviate the need for the court to speculate. Since Defendants have the burden to establish the amount in controversy, and they do not point to any discoverable facts that would convert the analysis from speculation to fact, jurisdictional discovery is denied.

Finally, Defendants argue that if the case is remanded, the court should estop Rossi from seeking an award in excess of $75,000. (Doc. 10 at 15.) Rossi objects to this suggestion. He asserts that he did not stipulate that damages were under $75,000 because the damages sought are for an unspecified amount that are to be determined by a jury. (Doc. 14 at 4.)

A judicial estoppel argument regarding limits on damages in state court after remand is an issue that may be addressed by the state court on remand. *See Rouse*

*v. Nissan N. Am., Inc.*, No. 04-CV-05320, 2005 WL 61449, at *2 (E.D. Pa. Jan. 10, 2005).  Accordingly, this court will not address Defendants' estoppel argument.

## CONCLUSION

For the foregoing reasons, Rossi's motion to remand is granted.  An appropriate order follows.

                                         s/Jennifer P. Wilson
                                         JENNIFER P. WILSON
                                         United States District Court Judge
                                         Middle District of Pennsylvania

Dated: November 16, 2020